Chief Justice Bibb
delivered the Opinion of the Court.
Kendall sued Brashear on a covenant to pay $210, “in a good new wagon at its value in Commonwealth’s paper, the balance, if any, to be discharged in Commonwealth’s paper.” On the trial, the defendant, Brashear, proved the Commonwealth’s paper, at the time specified in the covevantfor the performance, to have been worth only sixty cents to the dollar; the court excluded this evidence, and Brashear excepted to this opinion. The jury found the sum of $210 in damages, and judgment was rendered therefor; the plaintiff having endorsed on his declaration, that he would receive notes on the Bank of the Commonwealth, or its branches, or of the Bank of Kentucky, or its branches in discharge of his demand,
The opinion of the court seems to have been founded on the supposition, that because the plaintiff had made the endorsement to accept the paper in discharge of his demand, that he was entitled to recover the nominal amount without scaling the paper down to its value in lawful coin of the United States. But this covenant is not such as comes within the purview of the act of assembly for authorizing judgments to be rendered for paper of the Bank of the Commonwealth. The covenant is for the delivery of a good new wagon, ata place and day appointed, at valuation in paper, the balance, if any, to be paid in paper. The act of assembly *546 providing for judgments in Commonwealth’s pa* per, applies only to that description of writings stipulating for payment in such paper, in which the judgment for--the paper would amount to a specific execution of the contract. A specific execution of this contract would have required a judgment for a wagon at valuation in paper, &c.
Rudd, for plaintiff; Chapeze, for defendant,
It is, therefore, considered by this court, that the judgment of the circuit court be reversed, and that the cause be.remanded, for a new inquest of damages,and with direction to admit the evidence of the value of the Commonwealth’s paper at the time when the contract was to have been performed, and to assess the damages by scaling the amount mentioned in the covenant down to its value, at that day, in lawful money of the United States.
Plaintiff in this court to recover his costs.